**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JOEL LEON THOMAS, JR.,
*Defendant-Appellant.*

No. 14-10427

D.C. No.
2:12-cr-00523-DGC-2

ORDER

Filed May 8, 2017

Before: J. Clifford Wallace, Mary M. Schroeder,
and Alex Kozinski, Circuit Judges.

Order;
Dissent by Judge Wallace

**SUMMARY**[*]

**Criminal Law**

The panel filed an order granting in part and denying in part a petition for panel rehearing, and denying on behalf of the court a petition for rehearing en banc, in a case in which the panel, on December 20, 2016, filed an opinion affirming a conviction and sentence for multiple counts of conspiracy, armed bank robbery, and use of a firearm during a crime of violence.

The panel vacated the sentence imposed by the district court and remanded for reconsideration in light of the Supreme Court's intervening decision in *Dean v. United States*, No. 15-9260, slip op. at 6 (U.S. Apr. 3, 2017), which said that "[n]othing in § 924(c) restricts the authority conferred on sentencing courts by § 3553(a) and the related provisions to consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count."

Dissenting, Judge Wallace would deny the petition for rehearing because the Supreme Court in *Dean* merely confirmed the conclusion of the district judge, who clearly acknowledged his discretion to reduce the sentence for the predicate offenses.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Florence M. Bruemmer (argued), Law Office of Florence M. Bruemmer PC, Anthem, Arizona; Anders V. Rosenquist, Rosenquist & Associates, Anthem, Arizona; for Defendant-Appellant.

Rachel C. Hernandez (argued), Assistant United States Attorney; Krissa M. Lanham, Deputy Appellate Chief; John S. Leonardo, United States Attorney; United States Attorney's Office, Phoenix, Arizona; for Plaintiff-Appellee.

## ORDER

A majority of the panel has voted to **GRANT** rehearing, in part. The Supreme Court recently considered whether the existence of a mandatory minimum sentence under § 924(c) impacts the analysis under § 3553(a). It said "[n]othing in § 924(c) restricts the authority conferred on sentencing courts by § 3553(a) and the related provisions to consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count." *Dean v. United States*, No. 15-9260, slip op. at 6 (U.S. Apr. 3, 2017). In light of this intervening authority, the sentence imposed by the district court is **VACATED** and the matter **REMANDED** for reconsideration in light of *Dean*. The petition for rehearing is otherwise **DENIED**.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for rehearing en banc is **DENIED**. Further petitions for rehearing and rehearing en banc shall not be entertained.

WALLACE, Circuit Judge, dissenting:

I dissent from the order granting rehearing in part and vacating Thomas's sentence so that he can be resentenced in light of the Supreme Court's recent decision in *Dean v. United States*, No. 15-9260 (U.S. Apr. 3, 2017). In *Dean*, the Supreme Court addressed the question of whether a sentencing judge has discretion to consider the effect of a mandatory minimum sentence imposed pursuant to 18 U.S.C. § 924(c) when determining the sentence for an underlying substantive offense. The Supreme Court answered in the affirmative, concluding that "[n]othing in § 924(c) restricts the authority conferred on sentencing courts by § 3553(a) and the related provisions to consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count." *Dean*, slip op. 6.

Based on the panel majority's decision to vacate the sentence in this case, one might think that the district judge incorrectly believed that he lacked such discretion. But the contrary is true: the district judge acknowledged, not once but twice, that he *did* have discretion to balance the sentence for the predicate offenses against the mandatory minimums. Our opinion in this case, which the majority now vacates, went out of its way to recognize this fact when concluding that Thomas's sentence was neither procedurally nor substantively unreasonable:

The dissent argues, as Thomas did, that the district judge misunderstood his discretion to sentence Thomas below the Guidelines range for the conspiracy and robbery convictions. The record plainly belies this contention; the experienced and distinguished district judge made clear his view that "210 months is the right sentence for three bank robberies and three conspiracies to commit bank robberies." While twice acknowledging that the district court had the discretion to lower that sentence "to sort of balance it all out" in light of the mandatory minimums, the judge explained that he did not "feel comfortable" doing so.

*United States v. Thomas*, 843 F.3d 1199, 1205 (9th Cir. 2016). Of course the panel majority opinion did not discuss *Dean*, which was pending at the time. The panel majority understood, quite rightly, that it would have no impact on the outcome of this case. By holding that sentencing courts have discretion to consider the effect of mandatory minimum sentences, the Supreme Court merely confirmed the district judge's conclusion in this case. Conversely, had the Supreme Court determined that sentencing courts lack such discretion, there would have been no reversible error here because the district judge did not adjust the sentence for the predicate offenses.

Thus, the district judge clearly acknowledged his discretion to reduce the sentence for the predicate offenses; the panel majority approvingly recognized that he had done so; and the Supreme Court confirmed that view in *Dean*. Simply put, the district judge got it right. Yet the new panel majority now decides that we must remand the case for

resentencing so that the judge can account for the same rule that he applied the first time around. In my view, this is not a worthwhile use of limited judicial resources. Nor is it appropriate to suggest the presence of error where none exists. Because the district judge did exactly what *Dean* says he should do, I would deny the petition for rehearing.